UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| ANNA PIMENIDES | § § § | |
| v. | § § | Civ. No. CC-06-531 |
| DEERE & COMPANY, (DBA JOHN DEERE COMPANY) | § § § | |

### MEMORANDUM OPINION

Pending before this Court is defendant Deere & Company's Motion to Dismiss. (D.E. 11). For the reasons discussed below, defendant's motion is GRANTED.

*Background*

Plaintiff Anna Pimenides is the ex-wife of Jose Ramirez, a former employee of defendant and participant in defendant's ERISA-qualified benefits plan. In April of 1988, plaintiff was awarded a pro-rata share of the deceased's retirement benefits in a divorce decree and property settlement. Plaintiff acknowledges that no Qualified Domestic Relations Order (QDRO) was drawn up in her divorce proceeding. Mr. Ramirez subsequently remarried and died intestate in August 2006, before he began receiving retirement from Deere & Co.

Upon Mr. Ramirez's death, plaintiff contacted defendant's deferred compensation department and requested her pro-rata share. The committee refused plaintiff any benefits on the basis that no QDRO had been entered. Plaintiff did

not appeal the decision. Plaintiff seeks enforcement of her divorce decree under the ERISA statute. 29 U.S.C. §1132.

*Discussion*

Defendant moves to dismiss plaintiff's claim under Federal Rule 12(b)(6). Defendant argues that plaintiff is barred from the decedent's benefits because plaintiff never obtained a QDRO. Defendant further argues that plaintiff failed to exhaust her administrative remedies.

ERISA provides that benefits under a pension plan cannot be alienated or assigned, except pursuant to a QDRO. 29 U.S.C. §1056(d). Plaintiff and defendant agree that plaintiff's divorce decree is not a QDRO and that plaintiff did not obtain any other QDRO. Plaintiff asserts that the divorce decree meets "most" of the requirements of a QDRO. However, the Fifth Circuit has stated that the requirements set forth in ERISA must be interpreted strictly:

> In the marital-dissolution context, the QDRO provisions supply the *sole* exception to the anti-alienation provision; they exempt a state domestic-relations order determined to be a QDRO, under the standards set forth in ERISA.

*Kennedy v. Plan Adm'r for DuPont Sav. and Inv. Plan*, 497 F.3d 426, 430-31 (5th Cir. 2007). Similarly, the Supreme Court has noted that the QDRO exception to the anti-alienation provision is "not subject to judicial expansion." *Boggs v. Boggs*, 117 S.Ct. 1754 (1997). Thus, the Court cannot construe the divorce decree as a QDRO. Plaintiff has provided the Court no evidence suggesting that she would be entitled to a QDRO if it were possible for her to obtain one at this point.

2

Furthermore, claimants seeking benefits must exhaust available administrative remedies under the plan before bringing suit to recover benefits. *Bourgois v. Pension Plan for Employees of Sante Fe Int'l*, 215 F.3d 475 (5th Cir. 2000). The parties concur that plaintiff never appealed the plan committee's denial of benefits. Plaintiff argues that an appeal would have been futile "since plaintiff felt" that the same individual that denied her claim would consider the appeal. The Fifth Circuit recognizes an exception to the exhaustion requirement when administrative remedies would be futile. *Id*. However, an appeal is not futile merely because the same committee that denied the claim would review the appeal. *Denton v. First Nat. Bank of Waco, Texas*, 765 F.2d 1295 (5th Cir. 1985) (quoting *Amato v. Bernard*, 618 F.2d 559 (5th Cir. 1980)). Plaintiff fails to adequately demonstrate that an appeal would have been futile. Thus, plaintiff presents no valid reason that the exhaustion requirement should not bar her claim.

For the aforementioned reasons, the defendant's Motion to Dismiss is GRANTED.

So ORDERED this 18th day of December, 2007.

_____
HAYDEN HEAD
CHIEF JUDGE